IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Meza, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Wacker Neuson Sales Americas, LLC, et al., )<br>)<br>Defendants. )<br>_____) | No. 2:18-cv-0574-HRH |

O R D E R

Motion to Compel Rule 35 Examination[1]

Defendant Wacker Neuson Sales Americas moves pursuant to Rule 35(a)(2), Federal Rules of Civil Procedure, for an independent medical examination ("IME") of plaintiff Antonio Meza. The motion is opposed. Oral argument has been requested but is not deemed necessary.

Plaintiffs do not oppose the appropriateness of an IME of plaintiff Antonio Meza. The parties do disagree as to three matters:

(1) That an audio recording of plaintiff's examination be obtained;

(2) That plaintiff's legal guardian, Dora Meza, be present during psychological testing; and

---

[1]Docket No. 37.

(3)     That Dora Meza be present at the examination to provide English/-

Spanish translation, plaintiff Antonio Meza being a Spanish speaker.

In responding to defendant's motion, plaintiffs make reference to Arizona Civil Rule 35(c). The scheduling of an IME is a procedural matter to which the federal rules have application. The court declines to have reference to the state court rule in this matter.

In ruling upon the instant motion, the court has had reference to the declaration of defendant's proposed examiner, Dr. Christopher Nicholls, Ph.D.[2] Dr. Nicholls is a clinical neuropsychologist with a degree in clinical psychology. Dr. Nicholls recommends that, consistent with the National Academy of Neuropsychology and the American Academy of Clinical Psychology policy, third parties should not be present during the administration of psychological testing.[3] Dr. Nicholls opines that plaintiff's seizures are well controlled by medication[4] and that his office staff are trained in seizure first aid if needed.[5] Finally, Dr. Nicholls objects to the use of recording devices, explaining that use of such equipment risks invalidating neuropsychological evaluations. He states that his policy against recording is consistent with National Academy of Neuropsychology and American Academy of Clinical Psychology positions.[6]

---

[2] Motion to Compel Rule 35 Examination at 18, Docket No. 37.
[3] Id. at 19, ¶ 7.
[4] Id. at 20, ¶ 9.
[5] Id. at 20, ¶ 10.
[6] Id. at 20, ¶ 11.

The court is not persuaded by the affidavit of plaintiffs' legal assistant.[7]

Plaintiffs do not argue that a member of their legal staff should be present for the examination. However, plaintiffs argue that the examination should be audio recorded. The concern here is that Mr. Meza will be unable to relate to his attorneys what takes place during the IME.

In <u>Shepard's Federal Practice Procedure Series</u>, we read:

> The examination should be conducted in accordance with current medical practice in the diagnosis of similar cases not involving litigation, and should cover all claims of injury made by the plaintiff. The examiner may employ the assistance of other specialists, technicians, and assistants as may necessarily be required in the judgment of the examiner in light of the examinee's complaints. Such other persons may be designated to assist as would be required in a similar examination for diagnosis in the ordinary course of medical practice. The person examined has no right to have the examination tape recorded.

<u>Shepard's Federal Practice Procedure Series, 1 Discovery Proceedings in Federal Court</u> § 18:07, 339 (3d ed. 1995) (citations omitted). For the proposition that there is no right to have the examination tape recorded, defendant (as well as the quoted text) relies upon <u>Tomlin v. Holecek</u>, 150 F.R.D. 628 (D. Minn. 1993). <u>See also</u> <u>Meixing Ren v. Phoenix Satellite Television (US), Inc.</u>, 309 F.R.D. 34, 36 (D.D.C. 2015) ("typical procedure is not to create a recording of the examination").

In a well crafted decision, the court in <u>Tomlin</u>, among other reasons, relies upon the same proposition as Dr. Nicholls: "to require a recording of Dr. Aletky's interview would potentiate toward invalidating her evaluatory technique." <u>Tomlin</u> at 631.

The court rejects the proposition that plaintiffs' IME should be audio recorded.

---

[7]Plaintiffs' Response to Defendant's Motion to Compel and Plaintiffs' Motion for Protective Order at 38 (Affidavit of Beatrias Casillas), Docket No. 39.

It is argued on behalf of plaintiff Antonio Meza that Dora Meza, who is plaintiff's legal guardian, should be present "to help to prevent him from having a seizure[.]"[8] But Mr. Meza's medical records show that his seizures are well controlled by medications.[9] Dr. Nicholls has no objection to the presence of plaintiff's guardian "during the clinical interview and via the completion of various questionnaires[.]"[10] Dr. Nicholls objects to the presence of third parties during the administration of psychological testing.

The court is persuaded that the presence of plaintiff's guardian, who is also a plaintiff, during the administration of psychological testing could skew or invalidate the results of that testing. The court credits Dr. Nicholls' representation that he has staff available to administer first aid if needed. Moreover, the court is confidant that Dr. Nicholls will have no objection to plaintiff's guardian remaining nearby during the psychological testing so that she might be called upon if deemed necessary.

Finally, plaintiffs would have the court require the presence of plaintiff Antonio Meza's guardian during psychological testing because plaintiff is principally a Spanish speaker and in need of English/Spanish translation assistance. Dr. Nicholls avers that he will be joined in examining plaintiff by post-doctoral fellow, Dr. Jennifer Killian, who is a fluent Spanish speaker with a doctorate in psychology.[11]

The assistance of Dr. Killian at plaintiff's IME is consistent with the authority cited above. There are two practical reasons why the court prefers Dr. Killian to plaintiff's guardian concerning English/Spanish translation. First, Dr. Killian will have

---

[8]Id. at 1.

[9]Motion to Compel Rule 35 Examination at 20, ¶ 9, Docket No. 37.

[10]Id. at 19, ¶ 6.

[11]Id. at 20, ¶ 8.

no interest in the outcome of this case and will have no inclination to interpret the substance of plaintiff's responses as opposed to translating what is said. Second, as a person who is receiving specialized training in neuropsychology, Dr. Killian will be in a position to aptly translate from English to Spanish and vice versa psychological concepts with which plaintiff's guardian is unlikely to be familiar.

Plaintiff's guardian may not be present during the administration of psychological tests.

Defendant's motion for an independent medical examination pursuant to Rule 35(a)(2), Federal Rules of Civil Procedure, is granted. The IME proceedings shall not be recorded. Plaintiff's guardian may not be present during the administration of psychological testing. English/Spanish translation shall be provided by Dr. Killian without the participation of plaintiff's guardian.

In light of the foregoing rulings, plaintiffs' motion for a protective order[12] is moot and is denied.

DATED at Anchorage, Alaska, this  12th  day of September, 2018.

/s/ H. Russel Holland
United States District Judge

---

[12]Docket No. 39.